# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
QUEENS COUNTY

CHARMYN LEYRETANA,

                          Plaintiff,

            v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

                          Defendant.

Index No:        **011350**

**SUMMONS**

Plaintiff's Residence Address:
4534 47th Street, Apartment 1B
Woodside, New York 11377

The basis of venue designated is:
C.C.A. § 301(a)

To the Person(s) Named as Defendant(s) Above:

YOU ARE HEREBY SUMMONED and required to appear in the Civil Court of the City of New York, at the office of the Clerk of the said Court at 89-17 Sutphin Boulevard, Jamaica, in the County of Queens, State of New York, by serving an answer to the annexed complaint upon plaintiff's attorney, at the address stated below, or if there is no attorney, upon the plaintiff, at the address stated above, within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: June 30, 2022

Defendant's Address:
National Enterprise Systems, Inc.
c/o CORPORATION SERVICE COMPANY
80 State Street
Albany, New York 12207

David M. Barshay, Esquire
BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Our File No.: BRL21835
*Attorneys for Plaintiff*

NOTE: The law or rules of court provide

(a) if this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the County of Queens you must answer within 20 days after such service; or (b) if this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court. (c) You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought within 10 days of the service of the answer.

CIVIL COURT OF THE CITY OF NEW YORK
QUEENS COUNTY

CHARMYN LEYRETANA,

                Plaintiff,

        v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

                Defendant.

Index No:

**VERIFIED COMPLAINT**

Plaintiff Charmyn Leyretana, by and through the undersigned counsel, complains, states, and alleges against defendant National Enterprise Systems, Inc. as follows:

## PRELIMINARY STATEMENT

1.    This is an action to recover damages for negligence and for violations of New York General Business Law § 349 and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over defendant National Enterprise Systems, Inc. because it regularly transacts business within this County, derives substantial revenue from services rendered in this County, has committed tortious acts within this County and has caused injury to persons within this County as described herein.

3.    Venue is proper pursuant to C.C.A. § 301(a) because Plaintiff resides in this County.

## PARTIES

4.    Plaintiff Charmyn Leyretana ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Queens County, New York.

5.    Defendant National Enterprise Systems, Inc. ("NES") is a company existing under the laws of the State of Ohio, with its principal place of business in Solon, Ohio.

6.    NES regularly collects or attempts to collect debts asserted to be owed to others.

1

7.      NES regularly collects or attempts to collect debts asserted to be owed to others by residents in this County.

8.      NES regularly collects or attempts to collect debts asserted to be owed to others by New Yorkers.

9.      NES is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10.     NES is regularly engaged, for profit, in the collection of debts allegedly owed by consumers in this County.

11.     NES is regularly engaged, for profit, in the collection of debts allegedly owed by New York consumers.

12.     The principal purpose of NES's business is the collection of such debts.

13.     The principal purpose of NES's business in this County is the collection of such debts.

14.     The principal purpose of NES's business in New York is the collection of such debts.

15.     NES uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

16.     NES uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in this County.

17.     NES uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business in New York.

18.     NES derives substantial revenue from its debt collection services rendered in New York.

2

19.     NES has committed tortious acts within New York that have caused injury to consumers in this County.

20.     NES has committed tortious acts within New York that have caused injury to New Yorkers.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

21.     NES alleges Plaintiff owes a debt of $3,139.64 to Bank of America, NA.

22.     The alleged debt does not arise from any business enterprise of Plaintiff.

23.     At an exact time known only to NES, the alleged debt was assigned or otherwise transferred to NES for collection.

24.     At the time the alleged debt was assigned or otherwise transferred to NES for collection, the alleged debt was in default.

25.     In its efforts to collect the alleged debt, NES decided to contact Plaintiff by written correspondence.

26.     Rather than preparing and mailing such written correspondence to Plaintiff on its own, NES decided to utilize a third-party to perform such activities on its behalf.

27.     As part of its utilization of the third-party, NES conveyed information regarding the alleged debt to the third-party by electronic means.

28.     The information conveyed by NES to the third-party, which was viewed by employees of the third-party, contained Plaintiff's personal and private information including personal identifying data such as Plaintiff's name, home address, date of birth, and social security number, and also the account number and precise amount of the alleged debt, the name of the entity to which Plaintiff allegedly owed the alleged debt, among other things.

29.     The third-party then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at NES's direction.

3

30.     That letter, dated August 6, 2021, was received and read by Plaintiff.

31.     The letter was the initial written communication Plaintiff received from Defendants concerning the alleged debt.

32.     Plaintiff then received a letter, dated September 5, 2021, concerning the alleged debt.

33.     The letter, dated September 5, 2021, was during the 30-day validation period.

34.     The letter provides an account number ending in 9940, and an account number ending in 7118.

35.     The least sophisticated consumer would reasonably believe the alleged debt is for the account number ending in 9940.

36.     The least sophisticated consumer would reasonably believe the alleged debt is for the account number ending in 7118.

37.     The least sophisticated consumer would be unsure to which account the alleged debt is owed.

38.     The least sophisticated consumer would be confused by the letter listing two different account numbers.

39.     The least sophisticated consumer would be deceived by the listing of two account numbers.

40.     The letter also states, "We have been authorized to settle your account, in full, for something less than the balance in full. Please contact this office if you would like to discuss this offer."

41.     This statement does not include an actual offer to settle the alleged debt.

42.     Upon information and belief, there is no actual offer to settle the alleged debt.

4

43. Upon information and belief, this statement is an attempt to trick Plaintiff into calling Defendant.

44. The least sophisticated consumer would reasonably be confused by this statement as to if an offer does exist.

45. The least sophisticated consumer would be confused as to what the offer might be.

46. The least sophisticated consumer would be tricked into calling he collector upon reading this statement.

47. The least sophisticated consumer would reasonably be deceived by this statement in the letter.

48. The acts of NES as described in this Complaint were performed by NES or on NES's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "NES" in this Complaint shall mean NES or its owners, officers, agents, and/or employees.

49. NES's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from NES's conduct.

50. Plaintiff justifiably fears that, absent this Court's intervention, NES will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

51. Plaintiff justifiably fears that, absent this Court's intervention, NES will ultimately cause Plaintiff unwarranted economic harm.

52. Plaintiff justifiably fears that, absent this Court's intervention, NES will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

53.     Plaintiff justifiably fears that, absent this Court's intervention, NES will ultimately cause Plaintiff to be sued.

54.     A favorable decision herein would serve to deter NES from further similar conduct.

### - FIRST CAUSE OF ACTION -
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

55.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

56.     New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state..." independent of whether these acts and practices constitute violations of any other law.

57.     An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h). An individual may also be awarded punitive damages.

58.     Plaintiff is a consumer protected by New York General Business Law § 349.

59.     NES's debt collection business in New York, aimed purposefully at New York consumers, constitutes a "business, trade or commerce or the furnishing of a service" as contemplated by New York General Business Law § 349.

60.     NES violated New York General Business Law § 349 by using deceptive acts and unlawful practices in its debt collection business. This includes a pattern and practice of unauthorized disclosures to third parties of the personal and private information of New York consumers with reckless disregard for the propriety and privacy of the information which it discloses, reckless disregard to the risk of identity theft created by NES's unauthorized disclosures, reckless disregard to the harm to New York consumers that results from the unauthorized disclosure of such private and sensitive information, and reckless disregard for New York

6

consumers' rights to privacy.

61.    NES's actions are consumer-oriented in that they are directed to, and targeted at, New York consumers. NES 's conduct has a broader impact on consumers at large as NES has acted similarly with thousands of other New York consumers and has engaged in the same conduct described herein thousands of times. NES's recurring conduct potentially impacts thousands of similarly situated New York consumers, who, like Plaintiff, have a reasonable expectation that their personal and private information will not be disclosed to third parties without their consent. NES has a regular pattern and practice of repeatedly disclosing New York consumers' personal and private information to third parties, and without judicial intervention NES's conduct will likely continue to occur in the future. The unauthorized disclosure of New York consumers' personal and private information is, therefore, harmful to the New York public at large.

62.    NES acted willfully and knowingly in its violations of New York General Business Law § 349. NES's practices are repeatedly and regularly employed by NES as part of its business plan. NES engages in these practices because they are profitable and because it would be more costly for NES to create a system to ensure the security of New York consumers' private and personal information. NES engages in this practice for the sole purpose of maximizing its profits.

63.    As a direct and proximate result of NES's violations of New York General Business Law § 349, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, and to recover actual, treble, exemplary, and punitive damages, together with costs and attorney's fees.

## - SECOND CAUSE OF ACTION -
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

64.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65.    Congress enacted the FDCPA upon finding that debt collection abuse by debt

collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

66.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

67.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

68.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

69.     Plaintiff is a "consumer" as that term defined by the FDCPA.

70.     NES is a "debt collector" as that term is defined by the FDCPA.

71.     The alleged debt is a "debt" as that term is defined by the FDCPA.

72.     The letter is a "communication" as that term is defined by the FDCPA.

73.     NES's conveyance of Plaintiff's personal and private information to the third party is a "communication" as that term is defined by the FDCPA.

74.     The actions described herein constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

75.     NES violated the following sections of the FDCPA: 1692c and 1692f. By way of

8

example and not limitation, NES violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: Communicating with third parties about Plaintiff and the alleged debt without Plaintiff's consent, disclosing Plaintiff's personal and private information without Plaintiff's consent, disclosing Plaintiff's personal and private information with reckless disregard for the harm to Plaintiff that could result from NES's unauthorized disclosure of such information, and disclosing Plaintiff's personal and private information for NES's financial gain.

76.     As a direct and proximate result of NES's violations of the FDCPA, Plaintiff suffered compensable harm and is entitled to recover damages as provided for by Section 1692k of the FDCPA, together with costs and attorney's fees.

## THIRD CAUSE OF ACTION - NEGLIGENCE PER SE

77.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

78.     Violation of a statute that imposes a duty of care constitutes negligence per se.

79.     NES owed Plaintiff a duty, or obligation, recognized by law.

80.     New York General Business Law § 349 sets a standard of care by prohibiting specific practices, such as consumer fraud and deception, and providing for a private right of action.

81.     Plaintiff is within the class of persons protected by New York General Business Law § 349.

82.     As previously set forth, NES's conduct violated New York General Business Law § 349 and therefore breached the duty imposed by the statutory standard and constitutes negligence per se.

83.     The FDCPA creates a standard of care because it was designed to protect consumers

9

like Plaintiff from the type of harm which occurred here and provides for a private right of action.

84.     Plaintiff is within the class of persons protected by the FDCPA.

85.     As previously set forth, NES's conduct violated the FDCPA and therefore breached the duty imposed by the statutory standard and constitutes negligence per se.

86.     As a direct and proximate result of NES's negligence per se, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

## FOURTH CAUSE OF ACTION -
## NEGLIGENCE

87.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

88.     Independent of New York General Business Law § 349 and the FDCPA, creditors and debt collectors owe debtors a duty of reasonable care in the collection of debts.

89.     NES owed a duty to Plaintiff to perform its attempted collection of Plaintiff's alleged debt with reasonable care.

90.     NES owed a duty to Plaintiff to exercise reasonable care in its handling and maintenance of Plaintiff's personal and private information.

91.     NES owed a duty to Plaintiff to exercise reasonable care in keeping Plaintiff's personal information private and to not disclose Plaintiff's personal and private information to third parties.

92.     NES owed a duty to Plaintiff to not put at risk the privacy of Plaintiff's personal and private information.

93.     NES owed a duty to Plaintiff to not expose Plaintiff to the risk of identity theft through the disclosure of Plaintiff's personal and private information.

94.     NES breached these duties by not performing its attempted collection of Plaintiff's alleged debt with reasonable care, by sharing Plaintiff's personal and private information with third

10

parties without Plaintiff's consent, by sharing Plaintiff's personal and private information with third parties without ensuring the security of such information, and by sharing Plaintiff's personal and private information with third parties without ensuring that such third parties had procedures and/or policies in place to secure Plaintiff's personal and private information.

95.     Plaintiff was damaged by NES's breach of its duties to Plaintiff in that Plaintiff had a reasonable expectation that Plaintiff's personal and private information would not be disclosed without Plaintiff's permission, Plaintiff had a right to control the dissemination of Plaintiff's personal and private information, Plaintiff's personal and private information may now be in the public realm, and NES exposed Plaintiff to possible identity theft.

96.     As a direct and proximate result of NES's negligence, Plaintiff suffered compensable harm and is entitled to recover actual, treble, exemplary, and punitive damages.

## - FIFTH CAUSE OF ACTION -
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

97.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

98.     15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

99.     A debt collector has the obligation not just to convey the required information, but also to convey such clearly.

100.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

11

101.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

102.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

103.    Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

104.    Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

105.    Demanding payment during the 30-day validation without explaining that such demand does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

106.    The Letter, dated September 5, 2021, demands payment, and attempts to trick Plaintiff into calling Defendant.

107.    The Letter fails to advise that the demand for payment during the validation period does not override the Plaintiff's right to dispute the alleged Debt.

108.    The Letter fails to advise that the demand for payment during the validation period does not override the Plaintiff's right to request validation of the alleged Debt.

109.    The Letter fails to advise that the demand for payment during the validation period does not override the Plaintiff's right to request the name and address of the original creditor.

12

110.    The least sophisticated consumer, upon reading demand for payment during the validation period, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she must nevertheless pay.

111.    The least sophisticated consumer, upon reading demand for payment during the validation period, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless pay even during the verification process.

112.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

113.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

114.    As a result of the foregoing, the demand for payment during the validation period would likely make the least sophisticated consumer confused as to her rights.

115.    As a result of the foregoing, the demand for payment during the validation period would likely make the least sophisticated consumer uncertain as to her rights.

116.    Defendant violated 15 U.S.C. § 1692g(b) as the demand for payment during the validation period overshadows the disclosure of the consumer's right to dispute the alleged Debt.

117.    Defendant violated 15 U.S.C. § 1692g(b) as the demand for payment during the validation period overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

118.    Defendant violated 15 U.S.C. § 1692g(b) as the demand for payment during the validation period overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

13

119. Defendant violated 15 U.S.C. § 1692g(b) as the demand for payment during the validation period is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

120. Defendant violated 15 U.S.C. § 1692g(b) as the demand for payment during the validation period is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

121. Defendant violated 15 U.S.C. § 1692g(b) as the demand for payment during the validation period is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

122. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

123. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

124. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

125. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

126. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

14

127. The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she must nevertheless pay the debt during the validation period.

128. The least sophisticated consumer, upon reading demand for payment during the validation period, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she must nevertheless pay the debt during the validation period even during the verification process.

129. Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

130. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

131. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## - SIXTH CAUSE OF ACTION - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

132. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

133. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

134. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

135. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely

15

themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

136.    The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

137.    Plaintiff is a "consumer" as that term defined by the FDCPA.

138.    NES is a "debt collector" as that term is defined by the FDCPA.

139.    The alleged debt is a "debt" as that term is defined by the FDCPA.

140.    The letter is a "communication" as that term is defined by the FDCPA.

141.    The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

142.    NES violated the following sections of the FDCPA: 1692e, 1692f and 1692g. By way of example and not limitation, NES violated the FDCPA by: Using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and failing to provide accurate

16

and clear information in the collection letter.

143.    As a direct and proximate result of NES's violations of the FDCPA, Plaintiff suffered compensable harm and is entitled to recover damages as provided for by Section 1692k of the FDCPA, together with costs and attorney's fees.

### JURY DEMAND

144.    Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the following relief:

a.    A determination that Defendant has committed the violations of law alleged in this action.

b.    Actual, treble, exemplary and punitive damages up to the jurisdictional limits of this Court.

c.    Statutory damages pursuant to 15 U.S.C. § 1692k and New York General Business Law § 349.

d.    The costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1692k and New York General Business Law § 349.

e.    Pre-judgment and post-judgment interest as allowed by law.

f.    Such other and further relief that the Court determines is just and proper.

DATED: June 29, 2022

By: _____
David M. Barshay, Esquire
BARSHAY, RIZZO & LOPEZ, PLLC
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21835
*Attorneys for Plaintiff*



## **VERIFICATION**

Charmyn Leyretana, being duly sworn, deposes and says that I am the plaintiff in this action against National Enterprise Systems, Inc.. I have read this complaint and affirm that the contents thereof are true, except as to matters alleged on information and belief, and as to those matters, I believe them to be true.

Verified by the undersigned on June 29, 2022.



_____
Charmyn Leyretana

**Index No:**

**CIVIL COURT OF THE CITY OF NEW YORK**
**QUEENS COUNTY**

CHARMYN LEYRETANA,

Plaintiff,

-against-

NATIONAL ENTERPRISE SYSTEMS, INC.,

Defendant.

**SUMMONS AND COMPLAINT**

BARSHAY, RIZZO & LOPEZ, PLLC
*Attorneys for Plaintiff*
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272

*I hereby certify pursuant to 22 NYCRR § 130-1.1-a that, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers listed below or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c):*

David M. Barshay, Esquire

Dated: June 30, 2022

Service of the within _____ is hereby admitted.

_____          Dated: _____, 20__

Attorneys for _____

## CIVIL COURT OF THE CITY OF NEW YORK QUEENS COUNTY

### AFFIDAVIT OF SERVICE



\*164448\*

Index no : 0011350
Filed Date: 07/07/2022
Office No: BRL21835-011350

| Plaintiff(s): | CHARMYN LEYRETANA |
| --- | --- |
| | -vs- |
| Defendant(s): | NATIONAL ENTERPRISE SYSTEMS, INC. |

STATE OF NEW YORK
COUNTY OF ALBANY      ss.:

Corey Doyle, the undersigned, being duly sworn, deposes and says: that the deponent is not a party to this action, is over 18 years of age and resides in the STATE OF NEW YORK.

On 07/28/2022 at 1:54 PM, deponent served the within SUMMONS AND VERIFIED COMPLAINT on NATIONAL ENTERPRISE SYSTEMS, INC. B/S/U CORPORATION SERVICE COMPANY AS REGISTERED AGENT at 80 STATE STREET, 10TH FLOOR, Albany, NY 12207 in the manner indicated below:

By delivering a true copy of each to and leaving with "JOHN DOE" (REFUSED NAME) LEGAL REPRESENTATIVE OF CSC, DESIGNATED AGENT who stated he/she is duly authorized to accept legal documents.

A description of the Defendant(s), or other person served on behalf of the Defendant(s) is as follows:

| Sex | Color of skin/race | Color of hair | Age(Approx) | Height(Approx) | Weight(Approx) |
| --- | --- | --- | --- | --- | --- |
| Male | White | Brown/Red | 37-45 | 5'10-6'0 | 185-200lbs |
| Other Features: BEARD | | | | | |

Sworn to and subscribed before me on 07/29/2022

Notary Public

X_____
Corey Doyle
Lightning Legal Services, LLC
P. O. Box 9132
Albany, NY 12209
518.463.1049

Barshay, Rizzo & Lopez, PLLC
445 Broadhollow Road, Suite CL18
Melville, NY 11747

BRL21835-011350
BRL21835-011350



[ ] Victoria Nelson
Notary Public, State of NY
No. 01NE6376548
Qualified in Albany County
Commission expires 06/11/2026

[ ] McKayla Wilkinson
Notary Public, State of New York
No. 01WI6466416
Qualified in Schenectady County
Commission expires 3/30/24

[ ] Merry Gunner
Notary Public, State of NY
No. 01GU5038710
Qualified in Albany County
Commission expires 02/06/2023